UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANGEL E. RIVERA,
                                        Plaintiff,           :
v.                                                           :
                                                             :
WESTCHESTER COUNTY; CORRECT                                  :
CARE SOLUTIONS LLC; DR. RAUL                                 :     **OPINION AND ORDER**
ULLOA; DR. JOON PARK; ALAN                                   :
PESCHIERA; JOHN AND JANE DOES 1–20,                          :     17 CV 9776 (VB)
ALL IN THEIR OFFICIAL AND                                    :
INDIVIDUAL CAPACITIES; and ALL                               :
UNKNOWN ENTITIES, INCLUSIVE, ALL                             :
JOINTLY AND SEVERALLY,                                       :
                                        Defendants.          :
------------------------------------------------------------x

Briccetti, J.:

        Plaintiff Angel Rivera, proceeding pro se and in forma pauperis, brings this 42 U.S.C.

§ 1983 action alleging defendants Westchester County (the "County"), Correct Care Solutions

LLC ("Correct Care"), Dr. Raul Ulloa, Dr. Joon Park, pharmacist Alan Peschiera, and "John and

Janes Does 1–20" were deliberately indifferent to plaintiff's medical needs in violation of his

constitutional rights during his incarceration at Westchester County Jail.  Plaintiff also alleges

various state law claims, including medical malpractice and negligence.

        Before the Court is defendants' motion to dismiss the complaint pursuant to Rule

12(b)(6).  (Doc. #18).

        For the reasons set forth below, defendants' motion is GRANTED, although plaintiff is

granted leave to file an amended complaint.

        The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

        In deciding the pending motion, the Court accepts as true all well-pleaded allegations in

the complaint and draws all reasonable inferences in plaintiff's favor, as set forth below.

At all times relevant to the complaint, plaintiff was an inmate at Westchester County Jail.

Plaintiff alleges that from March 28 through November 3, 2017, Correct Care's medical staff prescribed and administered medications to him to manage medical conditions for which he was never diagnosed or tested. (Compl. at 4). According to plaintiff, he was prescribed medication for high blood pressure when he did not have high blood pressure; Flomax for prostate problems when he had never received a prostate exam; and medication for tuberculosis when he had never contracted tuberculosis. In support, plaintiff attached two documents he asserts list various medications he was prescribed during his incarceration.[1]

Plaintiff alleges taking these unnecessary prescriptions caused various physical and mental health issues. He alleges the medication made him feel "weak and dizzy" and lose consciousness, and twice, he lost consciousness and was taken to the hospital, including once on October 7, 2017. (Compl. at 4). According to plaintiff, Correct Care's improper medical treatment also caused plaintiff stress and anxiety.

## DISCUSSION

I.   Legal Standard

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to

---

[1]   The Court may consider these documents in deciding the pending motion. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). The first, entitled "SBAR Communication Worksheet," appears to be part of a Correct Care worksheet listing various medications prescribed to plaintiff during his incarceration and describing plaintiff's visit to the medical clinic on September 29, 2017. The second document appears to be a page from plaintiff's Westchester Medical Center records that lists medications prescribed to plaintiff alongside what the Court assumes are plaintiff's annotations. Both documents are incomplete.

the assumption of truth and are thus insufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 554, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Nor may the Court "invent factual allegations" plaintiff has not pleaded. Id.

II.  Deliberate Indifference

Liberally construed, plaintiff asserts a claim for deliberate indifference to his medical needs against the individual defendants, and a claim against the County and Correct Care pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978).

Defendants argue the Court should dismiss plaintiff's claims because plaintiff fails to allege the individual defendants' personal involvement in the alleged constitutional violation and fails to allege a custom or policy pursuant to Monell.

The Court agrees.

A.  Individual Defendants

Plaintiff must allege defendants' personal involvement in the claimed constitutional violation. See Spavone v. N.Y. State Dep't of Corr. Servs., 719 F.3d 127, 135 (2d Cir. 2013). In other words, a plaintiff bringing a Section 1983 claim "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. Furthermore, a defendant may not be held liable under Section 1983 solely because that person employs or supervises a person who violated the plaintiff's rights. See id.

Here, plaintiff fails to allege any facts to suggest the individual defendants were personally involved in his medical care, much less that they were deliberately indifferent to his medical needs. Indeed, the only information plaintiff provides about the individual defendants is their names and titles listed under "Defendant Information" in plaintiff's complaint. In the body of the complaint, plaintiff vaguely alleges Correct Care "employees, agents, nurses, doctors, [and] medical assistants" harmed him through inadequate care. (Compl. at 5). There are no

4

allegations any individual defendants examined plaintiff, prescribed plaintiff medicine, knew of plaintiff's dissatisfaction with his treatment, or made any decision regarding plaintiff's care.

Accordingly, plaintiff's claims against the individual defendants Dr. Ulloa, Dr. Park, and Peschiera must be dismissed.

B.    Westchester County and Correct Care

A municipality is liable under Section 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [plaintiff's] injury." Monell v. Dep't of Soc. Servs., 436 U.S. at 694. In determining whether a private actor, like Correct Care, may be liable for claims under Section 1983, courts are guided by the principles set forth in Monell. See Rojas v. Alexander's Dep't Store, 924 F.2d 406, 408 (2d Cir. 1990). Thus, to assert a Section 1983 claim against Westchester County or Correct Care, plaintiff must show the existence of an official policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Jones v. Town of E. Haven, 691 F.3d 72, 80 (2d Cir. 2012).

A plaintiff may satisfy the "policy or custom" requirement by alleging one of the following:  (i) "a formal policy officially endorsed by the municipality"; (ii) "actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question"; (iii) "a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware"; or (iv) "a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those

who come into contact with the municipal employees." Brandon v. City of New York, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010).

Here, plaintiff fails to allege any facts to suggest the County or Correct Care had a policy or custom that caused a constitutional injury or that they failed to provide adequate training or supervision to subordinates.

Accordingly, plaintiff's claim against the County and Correct Care must be dismissed.

III.  State Law Claims

Having dismissed plaintiff's federal claims, there are no longer any claims remaining over which the Court has original jurisdiction. In an exercise of its discretion, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3). Plaintiff's state law claims are dismissed without prejudice.

IV.  Leave to Amend

A district court ordinarily should not dismiss a pro se complaint for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotations and citation omitted). A court must grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999).

Here, because there is a possibility an amended complaint could succeed in stating a claim, and because plaintiff has not previously amended his complaint, the Court grants plaintiff leave to file an amended complaint and replead his deliberate indifference claims to the extent he can do so clearly, concisely, truthfully, and plausibly.

To the greatest extent possible, plaintiff's amended complaint must address the deficiencies identified in this Opinion and Order and must:

1. describe all relevant events, stating the facts that support plaintiff's case, including **what each individual defendant did or failed to do**;

2. include a clear explanation of what health issues he attributes to the medication he was prescribed while incarcerated and the basis for that conclusion;

3. include any details regarding why he believes defendants gave him medication he should not have been prescribed;

4. give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event; and

5. describe how each defendant's acts or omissions violated plaintiff's rights and describe the injuries plaintiff suffered <u>as a result of those acts or omissions</u>.

Essentially, the body of plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show his federally protected rights were violated; when such violation occurred; where such violation occurred; and why plaintiff is entitled to relief.

**Finally, the amended complaint will completely replace, not supplement, the existing complaint. Therefore, plaintiff must include in the amended complaint <u>all</u> information necessary for his claims.** However, plaintiff is directed to include in his amended complaint only those facts and documents he believes plausibly support a violation of his constitutional rights.

**Accordingly, it is hereby ORDERED that by January 7, 2019, plaintiff shall file an amended complaint, using the amended complaint form attached hereto.** If plaintiff fails to file an amended complaint or seek additional time to do so by January 7, 2019, the Court will

deem his failure to do so to be an abandonment of his case, and will dismiss the case for failure to prosecute and failure to comply with a court order. See Fed. R. Civ. P. 41(b).

## CONCLUSION

The motion to dismiss is GRANTED.

Plaintiff shall file an amended complaint, utilizing the form attached hereto, by January 7, 2019.

The Clerk is directed to (i) terminate the pending motion (Doc. #18), and (ii) mail a copy of this Order and the amended complaint form attached hereto to plaintiff at the address on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v United States, 369 U.S. 438, 444–45 (1962).

Dated: November 26, 2018
      White Plains, NY

                SO ORDERED:

                Vincent L. Briccetti
                United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

No. _____
(To be filled out by Clerk's Office)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.     LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a *"Bivens"* action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name          Middle Initial        Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City               State          Zip Code

## III.     PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced prisoner

☐ Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.     STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were
harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach
additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature |
|---|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

| Prison Address | | |
|---|---|---|

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____